IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TASTINGS IMPORT COMPANY, | ) | 12 B 00196 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date and Time: |
| | ) | October 17, 2012 at 10:00 a.m. |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on October 17, 2012, at 10:00 a.m., I shall appear before the Honorable Carol A. Doyle, or any other judge sitting in her stead, in Room 742, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtor's Attorneys' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 21st day of September, 2012.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Gregory K. Stern
　　　　　　　　　　　　　　　　　　　　　　　　Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street,
Suite 873
Chicago, Illinois 60604

John Guzzardo
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 North Clark Street
Suite 800
Chicago, Illinois 60654

Patrick M. Jones
Greensfelder, Hemker & Gale, PC
200 West Madison Street
Suite 2700
Chicago, Illinois 60606

**Parties Served Via US Mail**

Tastings Import Company
Attn: Charles Laverick
910 West Van Buren Street
Suite 5000
Chicago, Illinois 60607

Barry A. Chatz, Esq., Liquidating Trustee
120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TASTINGS IMPORT COMPANY, | ) | 12 B 00196 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date and Time: |
| | ) | October 17, 2012 at 10:00 a.m. |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Tastings Import Company, Debtor and Debtor In Possession, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $27,868.25 for 68.55 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs and expenses in the amount of $1,514.99 and payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $8,344.24, and, in support thereof, state as follows:

1. On January 4, 2012, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of its property, pursuant to §§ 1107 and 1108; and, no trustee has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to the US Trustee, all creditors and parties in interest.

4. On January 4, 2012, the Debtor and the Attorneys entered into an agreement whereby the

1

Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay for professional services rendered in accordance with the Attorneys' hourly fee schedule in effect from time to time.

5. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

6. On or about February 9, 2012, this Court entered an Order Authorizing Employment of Counsel authorizing the employment of the Attorneys, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7. On July 26, 2012, this Court entered an Order Approving Adequacy of Amended Disclosure Statement and Confirming Amended Plan of Liquidation. In accordance with the terms of the confirmed Amended Plan of Liquidation and the TIC Liquidating Trust Agreement, all assets of the estate have been transferred to Barry A. Chatz, as the Liquidating Trustee.

8. The Attorneys have not previously filed an Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses.

9. The Attorneys have expended 68.55 hours of professional services from December 29, 2011 through September 15, 2012, as more fully set forth in the Time Sheets attached hereto as Exhibit A and made a part hereof.

10. The professional services rendered from December 29, 2011 through September 15, 2012 have been separated into three (3) service categories, which have been separated and identified solely for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of its estate. These service categories and the professional time spent within each category are as follows:

    **SERVICE CATEGORY**                                **HOURS**

|  |  |
|---|---:|
| A. General Case Administration | 31.10 |
| B. Plan and Disclosure Statement | 33.70 |
| C. Professionals | 3.75 |
| **TOTAL:** | **68.55** |

11. The professional services were rendered within the service categories as follows:

A. **General Case Administration**:  This service category involved 31.10 hours of services that included: **1)** Meetings, teleconferences and correspondence with Debtor's President, Charles Laverick ("CL"), regarding representation of debtor in possession, debtor in possession operations, OIRR, compliance with OIRR, operating reports, payment of U.S. Trustee statutory fees, creditor and financial documentation and information, preparation of Schedules and Statement of Financial Affairs and amendments, initial debtor interview, meeting of creditors, disposition of estate assets, case status, notices, case goals and strategy, communications with parties in interest; **2)** Meetings, teleconferences and correspondence with UST, creditors and creditor attorneys regarding Chapter 11 case, dip operations, filing of proofs of claim, disposition of estate assets and tax returns; **3)** Preparation and revision of operating reports; **4)** Research and analyze purchase agreement as executory contract; **5)** Organizing and maintaining Debtor's files; **6)** Draft Motion to Set Claims Bar Date, Agreed Order Disallowing Claim and Motion to Enter Agreed Order, investigating Citibank claim and alleged security interest, reviewing proofs of claims and attachments, negotiations with creditors and creditors' attorneys regarding claims and preparation of claims summary spreadsheet; **7)** Representation at court hearings; **8)** General case administration matters.

B. **Plan and Disclosure Statement** - This service category involved 33.70 hours of services related to drafting, negotiating and confirming the Debtor's Plan and Disclosure Statement, and included the following: **1)** Drafting and revising Plan, Disclosure Statement; Amendments, Trust Agreement, Orders, Confirmation Order, Notices and Ballot; **2)** Teleconferences, correspondence and meetings with CL regarding Plan, Disclosure Statement, Trust Agreement; **3)** Teleconferences, correspondence and meetings with UST regarding Plan, Disclosure Statement, Trust Agreement, combined hearing and progress of Plan process; **4)** Teleconferences, correspondence and meetings with creditors' attorneys regarding plan, plan process, trust agreement and confirmation order; **5)** Draft and revise cash flow statements and liquidation analysis required

for Disclosure Statement; **6)** Draft Plan solicitation letter to creditors and serve ballot and solicitation package on all creditors; **7)** Representation of Debtor at Plan and Disclosure Statement status hearings and confirmation hearing; and, **8)** Communications with Liquidating Trustee re Plan, turnover and liquidation of estate assets.

    C. **Professionals**:  This service category involved 3.75 hours of professional services that included: **1)** Drafting Application to Employ Attorneys, Application for Final Compensation and Reimbursement of Costs and Expenses, Notices and Orders; **2)** Reviewing and revising draft of time sheets; and **3)** Representation at court hearings.

    12.  All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's February 9, 2012 Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work.  The Applicants state further that there has been no duplication of services by Christina M. Riepel, Monica C. O'Brien, Dennis E. Quaid or Gregory K. Stern.  In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved, the critical time constraints that existed.

    13.  The value of the professional services rendered by the Attorneys to the Debtor, as Debtor In Possession, is $27,868.25.

    14.  Actual and necessary costs in the amount of $1,514.99 have been expended by Counsel as detailed on the Time Sheets attached as Exhibits A to this Application.  Costs include filing fees, postage, witness fees, court reporter costs, advertising costs, copying charges provided by an outside service, and copying charges at the rate of ten cents (.10) per copy.

    **WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Christina M. Riepel pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $27,868.25 for actual and necessary professional services rendered and reimbursement in the amount of $1,514.99 for actual and necessary costs and expenses incurred; authorizing

and directing the Liqudating Trustee to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $8,344.24[1] as a priority cost of administration; and, for such other relief as this Court deems just.

By:   /s/ Gregory K. Stern
Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604

---

[1] The Attorneys received payment of a $21,039.00 pre petition retainer

(312) 427-1558

6